**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

MARY REFERMAT,

        Plaintiff,

        v.

LANCASTER CENTRAL SCHOOL DISTRICT,

        Defendant.
_____

14-CV-0712-RJA-MJR
**DECISION AND ORDER**

In this employment discrimination case, the Plaintiff, Mary Refermat, and the Defendant, Lancaster Central School District, both object to Magistrate Judge Michael J. Roemer's Report and Recommendation (Docket No. 40), which recommends granting in part and denying in part the District's motion for summary judgment. For the reasons stated below, the Court adopts the Report and Recommendation in its entirety.

**BACKGROUND**

The Court assumes familiarity with the facts of this case, which Judge Roemer's Report and Recommendation sets forth in detail. In brief, the Plaintiff worked for the District for 33 years, until she resigned on April 8, 2015. The Plaintiff worked in several jobs during that time, but the focus of this case is her final position as a Senior Clerk Typist in the District's Transportation Department. During the eight years the Plaintiff held that position, her supervisor was Robert Mowry.

The Plaintiff alleges that Mowry was "[i]nitially . . . friendly toward [her]" but that "he soon realized that [she], as an older, experienced female employee, was not like the younger, less experienced female office staff, who accepted Mr. Mowry's aggressive attitude and fit into his stereotype for what a female office worker should be and do."

1

Docket No. 33 ¶ 17. The Plaintiff claims that "[o]nce [she] began pushing back" against Mowry's alleged "harsh, boys club treatment and behavior, his attitude toward [the Plaintiff] changed." *Id.* ¶ 18. In support of her claim, the Plaintiff offers evidence of a variety of ways in which, she alleges, Mowry harassed her because of her age and sex. Among other things, the Plaintiff—who primarily worked on payroll matters—alleges that Mowry relocated her work station from "a formal office setting" to the bus garage, "just seven feet from the men's restroom." *Id.* ¶¶ 59-67.

The District moved for summary judgment on each of the Plaintiff's claims. Judge Roemer, to whom the Court referred this case pursuant to 28 U.S.C. § 636(b)(1)(B), filed a Report and Recommendation, which recommends granting the District's motion as to the Plaintiff's constructive discharge claim, but denying the remainder of the motion. Both parties have filed objections to Judge Roemer's Report and Recommendation. The Court reviews the objections de novo. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

### A. The Plaintiff's objection

The Plaintiff objects to Judge Romer's recommendation that the Court grant summary judgment in favor of the District on the Plaintiff's constructive discharge claim.

"To succeed on a constructive discharge claim, an employee must 'show both (1) that there is evidence of the employer's intent to create an intolerable environment that forces the employee to resign, and (2) that a reasonable person would have found the work conditions so intolerable that he would have felt compelled to resign.'" *Makinen v. City of New York*, 722 F. App'x 50, 52 (2d Cir. 2018) (quoting *Shultz v. Congregation Shearith Israel of N.Y.*, 867 F.3d 298, 308 (2d Cir. 2017)) (ellipsis omitted).

This is a "high standard." *Schultz*, 867 F.3d at 308 (quotation marks omitted). The plaintiff in a constructive discharge case must show more than that her "working conditions were difficult or unpleasant," *Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1156 (2d Cir. 1993); she must show more than that "the quality of [her] work has been unfairly criticized," *Stetson v. NYNEX Svc. Co.*, 995 F.2d 355, 360 (2d Cir. 1993); and she must show more than that she "preferred not to continue working for that employer." *Miller v. Praxair, Inc.*, 408 F. App'x 408, 410 (2d Cir. 2010) (quotation marks omitted). Instead, the ultimate question is whether "quitting was the only way [the Plaintiff] could extricate herself from intolerable conditions." *Petrosino v. Bell Atlantic*, 385 F.3d 210, 231 (2d Cir. 2004) (quotation marks and ellipsis omitted). This means that a "claim of constructive discharge must be dismissed as a matter of law unless the evidence is sufficient to permit a rational trier of fact to infer that the employer deliberately created working conditions that were so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Stetson*, 995 F.2d at 361 (quotation marks omitted).

The Plaintiff argues that Judge Roemer did not adequately consider that, in the month before the Plaintiff resigned, Mowry did not call her into work on a snow day (despite calling everyone else in to work), and that he excluded the Plaintiff from a staff-development day (again, despite including everyone else). The Plaintiff argues that Judge Roemer erred by not characterizing these events as reductions in job duties. Docket No. 44-1 at 4-6.

The Court does not doubt that the Plaintiff viewed these events as her "breaking point," but even when they are viewed in the light most favorable to the Plaintiff, the Court

3

agrees with Judge Roemer that no reasonable jury could find that, "to a reasonable person in the [Plaintiff's] position," *Petrosino*, 385 F.3d at 230, these events made the Plaintiff's job so "intolerable" that "quitting was the only way she could extricate herself." *Id.* at 231 (quotation marks omitted). This is particularly true given that Mowry's conduct was, as Judge Roemer observed, "not demonstrably more severe than [the Plaintiff's] prior allegations." Docket No. 40 at 24.

That the Plaintiff allegedly lost two days' pay does not necessarily transform her claim into a constructive discharge. *Cf. Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 755 (5th Cir. 1986), *aff'd in part on other grounds*, 491 US. 701 (1989) ("Although a demotion or transfer in some instances may constitute a constructive discharge, we find that [plaintiff's] loss of coaching responsibilities was not so intolerable that a reasonable person would have felt compelled to resign.") *See also Petrosino*, 385 F.3d at 231 (favorably citing the Fifth Circuit's decision in *Jett*). Although a reasonable jury could infer that the Plaintiff lost pay for the two days she was not called into work, the record does not suggest that the Plaintiff suffered a permanent loss in pay, nor any reduction in job duties.

The Plaintiff's allegation that she lost two days' pay makes this a closer question than it otherwise would have been, but even considering that evidence, the Court agrees with Judge Roemer that there is no genuine dispute over whether the Plaintiff's work conditions were intolerable. Thus, upon *de novo* review, and for the reasons stated in Judge Roemer's Report and Recommendation, the Court grants the District's motion for summary judgment as to the Plaintiff's constructive discharge claim.

### B. The District's objections

### 1. Whether there is a genuine factual dispute concerning intent

The District's primary objection is that Judge Roemer incorrectly identified a factual dispute over whether the Plaintiff was subjected to a hostile work environment "because of" her gender and age, as Title VII and the Age Discrimination in Employment Act both require. 42 U.S.C. § 2000e-2(a); 29 U.S.C. § 623(a)(1).

The "because of" inquiry in a hostile work environment case is a question of intent—that is, "the reasons for the individual plaintiff's treatment." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) (emphasis omitted). As with most forms of scienter, discriminatory intent must often be proven with circumstantial evidence, because "direct evidence of that intent will only rarely be available." *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008). Thus, as the Second Circuit has repeatedly recognized, resolving questions of intent—particularly in employment discrimination cases—"often requires an assessment of individuals' motivations and state of mind, matters that call for a sparing use of the summary judgment device because of juries' specialized advantages over judges in this area." *Brown*, 257 F.3d at 251 (quotation marks omitted).

With this standard in mind, the Court agrees with Judge Roemer that summary judgment is inappropriate for the Plaintiff's hostile work environment claims. Viewing the evidence in the light most favorable to the Plaintiff, the District has failed to show that Mowry's intent is not genuinely disputed. The Plaintiff recognizes that she has no "smoking gun" evidence of intent. Docket No. 47 at 3. Thus, evidence of intent in this case "requires some circumstantial or other basis for inferring that incidents sex-neutral on their face were in fact discriminatory." *Alfano v. Costello*, 294 F.3d 365, 378 (2d Cir.

2002). The Plaintiff has offered circumstantial evidence from which a jury could reasonably infer that Mowry's alleged harassment was "because of" her gender and age.

The Plaintiff, for instance, offered evidence that Mowry offered a younger female employee various forms of special treatment (Docket No. 34-8), and that he declined to suspend that employee—who admitted being "chronically several minutes late to work"—while suspending an older female employee who "was also chronically late to work." *Id.* at 3. The Plaintiff also offered other evidence (some of it, to be sure, somewhat conclusory) alleging that Mowry treated older, female employees differently than younger male and female employees. *See, e.g.*, Docket No. 34-10 ¶ 2 ("I have observed older women that were summoned to Supervisor Mowry's office for discipline leaving very upset and some even crying, while younger females leave smiling and laughing."); Docket No. 34-14 ("Mr. Mowry has an established record as to the harassment of older women. His behavior is quite different toward younger women/men. I was there when older women resigned because of the harassment and threats they received from Mr. Mowry. I was there when an older female complained because her bus was cold so Mr. Mowry to have her wash her bus [sic] outside in sub-zero temperatures."); Docket No. 35 ¶¶ 10-12, 30 ("I worked at the District for over 20 years and I never witnessed [Mowry] yell at, intimidate or demean men the way he did [the Plaintiff] and I.") As Judge Roemer concluded, "this evidence is sufficient to raise a triable issue of fact as to whether Mowry's conduct was undertaken based upon [P]laintiff's age and gender." Docket No. 40 at 21.[1]

---

[1] The District attempts to discount some of these statements, arguing that the witnesses provided "opinions and apparent legal conclusions" that are "entirely immaterial as to whether Mowry's treatment ***of the Plaintiff*** was objectively severe." Docket No. 43-1 at 13 (emphasis in original). As noted, some of the witness statements are, in some respects, conclusory. But the statements still provide enough facts, based on personal knowledge, that are sufficient to create a triable issue concerning Mowry's intent, particularly when the statements are read alongside other, more detailed affidavits, such as those provided by the Plaintiff and Laura Rockney. Further, there is no merit to the District's argument that these statements are

6

The District also argues that denying summary judgment is inconsistent with Judge Roemer's "finding" that Mowry "treated other female subordinates favorably." Docket No. 43-1 at 12. The District may, of course, argue that a jury should use this fact to infer that Mowry's intent was non-discriminatory, but "discrimination against one employee cannot be . . . disproven solely by favorable, or equitable, treatment of other employees of the same . . . sex." *Brown*, 257 F.3d at 252-53 (citing, *inter alia*, *Connecticut v. Teal*, 457 U.S. 440, 455 (1982)). In other words, the fact that Mowry allegedly treated one female employee better than another female employee does not entitle the District to summary judgment. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 109 (2d Cir. 2010) ("[W]e have recognized that a plaintiff's discrimination claims may not be defeated on a motion for summary judgment based merely on the fact that certain members of a protected class are not subject to discrimination, while another subset is discriminated against based on a protected characteristic shared by both subsets.") (citing *Phillips v. Martin Marietta Corp.*, 400 U.S. 542 (1971)).

**2. Whether there is a genuine factual dispute concerning retaliatory causation**

The District next argues that Judge Roemer "disregarded the District's legitimate non-retaliatory reasons for taking adverse actions against Plaintiff, and failed to appropriately analyze Plaintiff's retaliation claim under the but-for standard of causation." Docket No. 43-1 at 18. *See also University of Texas Southwest Medical Center v. Nassar*, 570 U.S. 338, 360 (2013) (holding that Title VII retaliation claims "must be proved

---

"entirely immaterial" to Mowry's intent with regard to the Plaintiff. If a jury hears evidence that Mowry treated older, female employees differently than younger female and male employees, the jury could reasonably infer that, when Mowry allegedly subjected the Plaintiff to harassment, he did so because of her gender and age.

according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer"). Specifically, the District argues that Judge Roemer "altogether failed to conduct the necessary but-for causation analysis, and instead focused only on the fact that the District's actions *vis a vis* the Plaintiff were **disputed**." Docket No. 43-1 at 18 (emphasis in original).

The District's objection confuses the purpose of a summary judgment motion. Judge Roemer's only task in considering the District's motion was to decide whether the record contains genuinely-disputed material facts. In other words, the question is not, as the District argues, only whether "it had legitimate, non-retaliatory bases for all of the alleged adverse actions." *Id.* at 19. The question is whether there is a factual dispute over the District's proffered non-retaliatory reasons for Mowry's conduct. As Judge Roemer observed, "the legitimate non-retaliatory reasons set forth by defendant are disputed in the record." Docket No. 40 at 29. *See, e.g.*, Docket No. 33 ¶¶ 30-32, 47. That is ample reason to deny summary judgment.

The District also faults Judge Roemer for not "conduct[ing] the but-for causation analysis." *Id.* Specifically, the District argues that Judge Roemer "did not find that the desire to retaliate was the but-for cause of any of the alleged adverse actions that the Plaintiff suffered." *Id.* (emphasis omitted). But again, the question before Judge Roemer was *not* whether retaliatory intent was the but-for cause of the adverse actions the Plaintiff allegedly suffered; the question is only whether there is a triable issue of fact concerning that question. As the Second Circuit has observed—and as the record in this case demonstrates—"[t]he determination of whether retaliation was a 'but-for' cause, rather

8

than just a motivating factor, is particularly poorly suited to disposition by summary judgment, because it requires weighing of the disputed facts, rather than a determination that there is no genuine dispute as to any material fact." *Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 846 n.5 (2d Cir. 2013). *See also Howley v. Town of Stratford*, 217 F.3d 141, 151 (2d Cir. 2000) ("In determining the appropriateness of summary judgment, the court should not consider the record solely in piecemeal fashion, giving credence to innocent explanations for individual strands of evidence, for a jury, in assessing whether there was impermissible discrimination and whether the defendant's proffered explanation is a pretext for such discrimination, would be entitled to view the evidence as a whole.")

The Court therefore adopts Judge Roemer's recommendation to deny the District's motion for summary judgment as to the Plaintiff's retaliation claim.

### 3. Whether the Plaintiff exhausted her administrative remedies

Finally, the District objects to Judge Roemer's conclusion that the Plaintiff exhausted her administrative remedies because "the incidents of hostile work environment discrimination and retaliation in [P]laintiff's complaint occurring after June 27, 2013 are reasonably related to the allegations in her EEOC charge." Docket No. 40 at 13. The District argues that the Plaintiff's post-June 2013 administrative allegations are "'too vague to serve as predicates for allegations in the complaint.'" Docket No. 43-1 at 15 (quoting *Butts v. City of New York Dep't of Housing Preservation and Development*, 990 F.2d 1397, 1403 (2d Cir. 1993)).

Upon *de novo* review, and for the reasons stated in the Report and Recommendation, the Court agrees with Judge Roemer that the Plaintiff's post-June 2013 administrative allegations were properly exhausted.

**CONCLUSION**

For the reasons stated above, the Court adopts Judge Roemer's Report and Recommendation in its entirety. The District's motion for summary judgment is granted to the extent it seeks judgment on the Plaintiff's constructive discharge claim. The District's motion for summary judgment is denied in all other respects.

The parties shall appear on August 27, 2018 at 9:00 a.m. for a meeting to set a trial date. Before that date, the parties shall confer regarding the estimated length of a trial, as well as dates through July 2019 when counsel are mutually available for trial. Further, given the age of this case and the Court's criminal trial calendar, the parties are reminded that a magistrate judge is available to try this case. *See* Fed. R. Civ. P. 73(b)(2). If, however, one or both parties do not consent to try this case before a magistrate judge, the parties should **not** notify the Court of that fact.

**SO ORDERED.**

Dated: August 1, 2018                      __*s/Richard J. Arcara*__
   Buffalo, New York                 HONORABLE RICHARD J. ARCARA
                                                   UNITED STATES DISTRICT JUDGE